UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GINA MCKEEN-CHAPLIN, individually and on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FRANKLIN AMERICAN MORTGAGE COMPANY and DOES 1-50, inclusive<br><br>　　　　　Defendants. | Case No:  C 10-5243 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket 13, 26 |

　　　　Plaintiff Gina McKeen-Chaplin, individually, and on behalf of those similarly situated, brings the instant action against Defendant Franklin American Mortgage Company ("Defendant"), asserting, inter alia, a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  The parties are presently before the Court on Defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 13, 26.[1]  Having read and considered the papers filed in connection with this matter and being fully informed, for the reasons set forth below, the Court hereby DENIES the motion.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. L.R. 7-1(b).

I.　**BACKGROUND**

　　　　Defendant is a mortgage company which employs mortgage underwriters who review the mortgage loan applications to ensure that they meet the Defendant's policies and guidelines.  Dkt. 24, ¶¶ 1, 5, 15.  Defendant has office locations in California, Tennessee,

---

[1] Docket 13 is Defendant's motion to dismiss the original complaint.  As the FAC supersedes that pleading, Docket 13 is moot and should be terminated as such by the Clerk.

Texas and Massachusetts. Id. ¶ 12. From February 2009 through October 2010, Plaintiff worked for Defendant as a mortgage underwriter in its Concord, California office. Id. ¶¶ 5, 14. Prior to January 2010, Defendant classified Plaintiff, as well as other similarly situated mortgage underwriters, as "exempt," and failed her to pay her overtime wages. Id. ¶¶ 5, 14. In or about January 2010, Defendant reclassified Plaintiff and other mortgage underwriters to non-exempt and began paying overtime. Id. ¶¶ 5, 14, 15.

On November 18, 2010, Plaintiff commenced the instant action in this Court, and thereafter filed a First Amended Complaint ("FAC") on January 12, 2011. Dkt. 1, 24. The FAC alleges the following claims against Defendant: (1) failure to pay overtime in violation of the FLSA, 29 U.S.C. § 201; (2) failure to pay overtime in violation of California Labor Code §§ 510, 1194 and 1198; (3) failure to pay waiting time penalties in violation of California Labor Code §§ 201, 202, 203; (4) failure to provide itemized wage statements in violation of California Labor Code §§ 226; (5) failure to provide and/or authorize meal and rest periods in violation of California Labor Code § 226.7; and (6) violation of California's Unfair Competition Law, Cal. and Bus. and Prof. Code § 17200. Id. With regard to the collective action claim under the FLSA, Plaintiff alleges that the collective action members consists of all persons employed by Defendant as mortgage underwriters within the United States at any time within three years before the filing of the action until the January 2010 reclassification. Id. ¶ 25. The class for state law purposes consists of all persons employed by Defendant in California at any time within four years before the filing of the action until the January 2010 reclassification. Id. ¶ 30.

Defendant now moves to dismiss the FAC for failure to state a claim under Rule 12(b)(6). Plaintiff subsequently filed a motion for conditional class certification of her FLSA collective action claim, wherein she requested that the Court certify the collective and authorize her to distribute judicial notice to potential members of the collective so that they could opt-in to the action. Dkt. 34. On June 17, 2011, the Court issued an Order Holding Motion in Abeyance pending resolution of the instant motion. Dkt. 50. The motion to dismiss has been fully briefed and is now ripe for adjudication.

## II. LEGAL STANDARDS

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557).

On a motion to dismiss, the Court is to "accept as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). Although a court generally is confined to the pleadings on a motion to dismiss, "[a] court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

## III. DISCUSSION

The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 739 (1981). The Act regulates minimum wage, overtime pay, equal pay, and child labor, and prohibits employers from retaliating against employees who exercise their rights under the Act. Section 7 of the FLSA provides that no employer "shall employ any of his

1  employees who in a workweek is engaged in commerce . . . or is employed in an enterprise
2  engaged in commerce . . . for a workweek longer than forty hours unless such employee
3  receives compensation" for hours worked beyond the forty hour floor "at a rate not less
4  than one and one half times" the rate at which he or she is regularly employed.  29 U.S.C.
5  § 207(a)(1).  California law provides similar protections.  See Armenta v. Osmose, Inc.,
6  135 Cal.App.4th 314, 324 (2005) ("California courts have long recognized that California's
7  wage laws are patterned on federal statutes . . . .").
8       To establish a claim for failure to pay overtime under the FLSA, the plaintiff must
9  aver that:  "(1) defendant was plaintiff's employer; (2) plaintiff worked more than forty
10  hours in a week; and (3) plaintiff did not receive compensation for his employment in
11  excess of the forty hours."  Acho v. Cort, No. C 09-00157 MHP, 2009 WL 3562472, at *2
12  (N.D. Cal. Oct. 27, 2009).  In her FAC, Plaintiff properly alleges that Defendant was her
13  employer, that she worked in its Concord, California office from February 2009 through
14  October 2010, and specific examples where she worked more than forty hours per week but
15  did not receive overtime compensation.  Id. ¶¶ 5, 15, 16, 18-21.  These allegations are
16  sufficient to afford the Defendant with fair notice of the claims being alleged against it.
17  See Toy v. TriWire Eng'g Solutions, Inc., No. C 10-1929 SI, 2011 WL 221832, at *3 (N.D.
18  Cal. Jan. 24, 2011) (finding plaintiff's examples of defendant's wage and hour violations
19  were sufficient to a survive motion to dismiss).
20       Finally, Defendant contends that Plaintiff should not be allowed to proceed on a
21  claim for injunctive relief because the prayer to the FAC seeks equitable, as opposed to
22  injunctive, relief.  Def.'s Mot. at 7.  This argument elevates form over substance, as an
23  injunction is a form of equitable relief.  See S.E.C. v. Ross, 504 F.3d 1130, 1133 (9th Cir.
24  2007).  In any event, Plaintiff expressly requests "injunctive relief" in her FAC.  See FAC
25  ¶ 4.  The Court also is not persuaded by Defendant's ancillary argument that injunctive
26  relief is unnecessary in light of Defendant's decision to reclassify mortgage underwriters as
27  hourly employees.  Def.'s Mot. at 7.  Though Defendant contends that "there is no
28

reasonable probability" that the acts underlying the instant action will be repeated, the Court finds that it is premature to make such a determination at the pleading stage.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is DENIED.

2. This Order terminates Docket 13 and 26.

IT IS SO ORDERED.

Dated: September 12, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge